# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRONE WALLACE,** | : | CIVIL NO. 1:CV-09-1858 |
| **Plaintiff** | : | |
| v. | : | |
| **HARLEY G. LAPPIN**, *et al.*, | : | |
| **Defendants** | : | |

# **M E M O R A N D U M**

## I. Background

On September 28, 2009, Plaintiff filed a complaint pursuant to 28 U.S.C. § 1331. On October 7, 2009, Plaintiff was granted leave to proceed without pre-payment of the filing fee and a summons was issued. On October 14, 2009, Plaintiff sent a letter to the court requesting that certain amendments be made to the complaint. By order dated October 16, 2009, Plaintiff was granted leave to amend his complaint in accordance with the instructions contained in the order. No amended complaint was filed by that date; therefore, on November 9, 2009, this court issued an order stating that the case would proceed on the original complaint.

On November 27, 2009, this court received a motion for reconsideration of the November 9, 2009 order in which Plaintiff stated that due to an institutional

lockdown, Plaintiff did not have access to the law library and educational center of the prison. The motion did not state if the lockdown period had ended or when it was anticipated to end. By order dated December 1, 2009, Plaintiff was granted until December 30, 2009 to file an amended complaint.

On November 10, 2009, a complaint without a docket number or any notation that it was an amended complaint was received from Plaintiff by the Clerk of Court. The Clerk of Court deemed the complaint to be a new case, gave it case number 4:09-CV-2210, and assigned the case to Judge Jones and Magistrate Judge Blewitt.

On December 30, 2009, Plaintiff filed an amended complaint (doc. 22), a motion for leave to proceed *in forma pauperis* (doc. 23), a prisoner authorization permitting deductions from his account for the payment of a filing fee (doc. 24), and a letter of explanation (doc. 25). In his letter, Plaintiff explained that he had inadvertently filed his amended complaint without the captioned docket number and without identifying it as an amended complaint.

## II.     Discussion

Upon review, it appears that the amended complaint filed by Plaintiff in the case above is identical to the complaint assigned to case number 4:09-CV-2210. The case assigned to Judge Jones is presently awaiting disposition of a report of Magistrate Judge Blewitt which recommends Plaintiff's complaint in 4:09-CV-2210 be dismissed for Plaintiff's failure to file an amended complaint as directed in an order dated December 7, 2009.

Plaintiff's December 30, 2009 amended complaint filed to the captioned action (doc. 22) does not comply with this court's October 16, 2009 order directing the filing of an amended complaint. The amended complaint names twenty-seven (27) defendants, all of whom are employed, within and outside of the Middle District of Pennsylvania, in various capacities by the Bureau of Prisons ("BOP"). Specifically, some defendants are BOP officials, namely Lappin, Watts, McFadden and Dodrill.[1] Some Defendants are employed at USP-Victorville, located in the

---

[1] Plaintiff is advised with respect to the BOP official Defendants, as well as Defendant USP-Lewisburg Warden Bledsoe, that liability in a civil rights action cannot be based on the doctrine of *respondeat superior*. *See Drummer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993); *Rizzo v. Goode*, 423 U.S. 367 (1976); *Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003).

Plaintiff is also advised that merely responding to his BOP Administrative remedies and appeals by a prison official is not sufficient to state a Constitutional claim against
(continued...)

Central District of California, namely, Ismael Hernandez, D.H.O, Richard Boorn, 4-B Unit Team, T. Moore, Ms. Wolverton, Ms. Meccio, and J.L. Norwood. Plaintiff's claims against all Defendants who are employed at USP-Victorville, as well as Defendant McFadden, BOP Western Regional Director, and the unnamed Defendant Chief of the Designation and Sentence Computation Center in Grand Prairie, Texas, are not properly venued in the Middle District of Pennsylvania. *See* 28 U.S.C. § 1404(a); 28 U.S.C. § 1391(b). *See also Joyner v. BOP*, 2005 WL 3088371 (M.D. Pa.); *Michtavi v. Miner*, Civil No. 07-0628 ( M.D. Pa.). Thus, Plaintiff should not include any claims in a case filed in this district which arose outside of the Middle District of Pennsylvania and are asserted against the stated Defendants who are located outside of the Middle District of Pennsylvania. .

Further, some Defendants are employed at USP-Lewisburg, namely, B. A. Bledsoe, Warden; D. Scott Dodrill, Regional Director; C. Maiorana, Associate Warden; Ms. K. Rear, Associate Warden; Captain F. Passanti; Scott Finley, Administrative Remedy Coordinator; Mr. Potter, Paramedic; L. Karpen, Ph.D., Chief Psychologist; SMTS Heather Birdsall; F. Perrin, SIA; J. Moscerallo, SIS; N. Reese,

---

[1](...continued)
him or her. *See O'Connell v. Sobina*, 2008 WL 144199 (W.D. Pa.).

SIS; S. Heath, SIS; T. Ranck, Case Manager; J. Calami, Unit Manager; and M. Roclarmel, Case Manager. Only Plaintiff's claims against these Defendants are properly brought in the Middle District of Pennsylvania.

Plaintiff's amended complaint does not sufficiently specify any conduct, wrongful or otherwise, of the named defendants. Plaintiff's claims in his amended complaint, for the most part, simply refer to "Defendants" and BOP staff officials.

Plaintiff vaguely alleges that his First Amendment rights were violated, by the USP-Victorville Defendants, when he was transferred to USP-Lewisburg, in retaliation for filing a civil rights complaint, a federal tort claim, and various administrative remedies. He also alleges, in a conclusory fashion, claims of violations of the Fifth Amendment due process and double jeopardy clauses, as well as Eighth Amendment denial of medical care claims and cruel and unusual punishment claims. *(See* Doc. 22, pp. 2, 6-7.) Additionally, many of Plaintiff's claims involve Defendants located outside of the Middle District of Pennsylvania and are raised against Defendants located at USP-Victorville. Plaintiff seeks nominal, compensatory and punitive damages, as well as declaratory relief. (Complaint, Doc. 22, p. 8, Section V.)

As mentioned, with respect to all of his claims, Plaintiff does not allege with any specificity what the personal involvement of each Defendant was to deprive him of his constitutional rights. Moreover, the doctrine of *respondeat superior* is not an acceptable basis for liability under Section 1983. *See Drummer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993); *Rizzo v. Goode*, 423 U.S. 367 (1976). Liability may only be based upon the Defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976); *Innis v. Wilson*, 2009 WL 1608502 (3d Cir.).

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825 (1994) *citing Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1976). An inadequate medical care claim requires allegations that the prison official acted with "deliberate indifference to serious medical needs" of the plaintiff, while a prisoner. *Estelle*, 429 U.S. at 104 (1976); *Unterberg v. Correctional Medical Systems, Inc.*, 799 F. Supp. 490, 494-95 (E.D. Pa. 1992). The official must know of and disregard an excessive risk to inmate health or safety. *Farmer,* 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of

serious harm exists, and he must also draw the inference." *Id*. "The question . . . is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.' " *Farmer*, 511 U.S. at 843. Thus, in order to state a viable Eighth Amendment claim, a prisoner must demonstrate that the defendant was deliberately indifferent to his medical needs and that those needs were serious. *Estelle*, 429 U.S. at 106. Further, as the court stated in *Ascenzi v. Diaz*, 2007 WL 1031516, *4 (M.D. Pa.),

> a prison administrator cannot be found deliberately indifferent under the Eighth Amendment because he or she fails to respond to the medical complaints of an inmate being treated by a prison physician, or because, as non-physicians, they defer to the medical judgment of the inmate's treating physicians. If, however, non-medical prison personnel had "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner," liability may be imposed." (Internal citations omitted).

The court finds that Plaintiff's present allegations of liability under § 1331 as against the all Defendants fail to state a cognizable claim.

In *O'Connell v. Sobina*, 2008 WL 144199, * 21 (W.D. Pa.), the court stated:

> Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and

acquiescence in a subordinate's actions. *Rode*, 845 F.2d at 1207. "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id. See also Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Moreover, in order to maintain a claim for supervisory liability, a plaintiff must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinate's violations. *See Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293 (3d Cir. 1997); *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Based on the allegations in Plaintiff's complaint, none of the defendants are sufficiently stated to have been personally involved in the violations of Plaintiff's rights. Recently, the Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), restated the personal involvement required in a § 1983 action. In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court, citing *Iqbal*, stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).
>
> Innis's allegation against Wilson also fail because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the

8

operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill,* 372 F .3d at 236. Accordingly, these claims were properly dismissed.

In *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.), the court stated:

> The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 555); *see also Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly,* 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556).

Plaintiff's amended complaint lacks sufficient allegations as to all Defendants and what these Defendants personally did to violate Plaintiff's

constitutional rights. *See Sassaman v. Mifflin County Correctional Facility Staff*, 2007 WL 1140653, *3 (M.D. Pa.).

*Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in civil rights cases,[2] a civil rights complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the compliant is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986).

---

[2]In *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to § 1983 actions. The Court noted that a § 1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id* at 167.

A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials. Also, a civil rights pleading must include factual allegations to support the constitutional claims raised in the complaint. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 1953 (2009).

### III.     Conclusion

Under even the most liberal construction, Plaintiff's amended complaint is in clear violation of Rule 8. It does not give the defendants fair notice of what Plaintiff's claims against them are and the grounds upon which it rests. Even taking into account the fact that Plaintiff is proceeding *pro se*, his complaint is not in conformity with Rule 8 of the Federal Rules of Civil Procedure. It certainly does not set forth in brief, concise, and understandable terms the personal conduct of each defendant about which Plaintiff is complaining.

Plaintiff will be given one more opportunity to file an amended complaint in conformity with the Federal Rules of Civil Procedure. Plaintiff is reminded that his second amended complaint "must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without

11

reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must establish the existence of actions by the defendants which have resulted in constitutional deprivations. *E.g, Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976). It should specify which actions are alleged as to which defendants. Plaintiff's second amended complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure. *See*, Fed.R.Civ.P. 8(e)(1). If Plaintiff fails, within the applicable time period, to file his second amended complaint adhering to the standards set forth above, the captioned action will be dismissed. An appropriate order will be issued.

                                               s/Sylvia H. Rambo
                                               United States District Judge

Dated: January 21, 2010.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRONE WALLACE,** | : | **CIVIL NO. 1:CV-09-1858** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **HARLEY G. LAPPIN**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff shall file a second amended complaint no later than February 3, 2010.

2. The second amended complaint shall properly allege a claim under 28 U.S.C. § 1331 and shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. The second amended complaint shall also be "simple, concise, and direct," as required by Federal Rule of Civil Procedure 8(e)(1).

3. The second amended complaint shall be filed to the same docket number as the instant action and shall be entitled "Second Amended Complaint."

4. Failure to comply with this order will result in dismissal of this action.

5. Plaintiff's second motion to proceed *in forma pauperis* (doc. 23) is deemed moot as Plaintiff was previously granted leave to proceed *in forma pauperis* in this case (*see* doc. 9).

6. Defendants' motion for enlargement of time (doc. 26) is **GRANTED**. Defendants need not respond to Plaintiff's original complaint and shall have sixty days to respond to Plaintiff's second amended complaint once this court directs service of the second amended complaint.

    s/Sylvia H. Rambo
    United States District Judge

Dated: January 21, 2010.